BAILEY

*v.*

THE DISTRICT OF COLUMBIA.

AFFIDAVITS OF DEFENSE; AWARDS, EFFECT OF.

1. Where in an action on an award alleged to have been made in a former suit between the same parties, several pleas are filed, one of which refers to the proceedings in the prior suit and makes them part of the plea, and such proceedings show that a referee was agreed upon by the parties without a rule of court and made an award, and that exceptions to the award and a motion for judgment thereon remain undetermined, it is unnecessary to specially state in the affidavit of defense the matters of record thus pleaded; and the sufficiency of the defense must be determined on the pleadings, or pleadings and proof, and not as a side or collateral question upon the affidavit·

2. An affidavit of defense under the 73d Rule of the Supreme Court of this District, need contain only such a statement of facts as will satisfy the court of the good faith of the defendant in making the defense, and that such defense is not of a frivolous or dilatory character.

3. That rule will be construed with reference to the nature of the action and of the defense pleaded, and in no case, and especially where the action is against a municipal corporation, whose administrative officers and agents are changeable, will the affidavit required by the rule be so rigidly and strictly construed as to embarrass the defendant in availing itself of what may be regarded as a valid defense.

4. Nor will such an affidavit in any case be tested as by a demurrer or plea.

5. A reference, by consent of the parties, of a pending cause to a referee, will not operate as a discontinuance of the action, but as a stay of proceedings, whether a rule of court be entered or not.

No. 311. Submitted October 3, 1894. Decided November 5, 1894.

HEARING on an appeal by the plaintiff (leave having first been obtained) from an interlocutory order, overruling a motion for judgment under the Seventy-third Rule for the alleged insufficiency of an affidavit of defense. *Affirmed.*

The COURT in its opinion stated the case as follows:

The question presented on this appeal arises under Rule 73 of the Supreme Court of the District of Columbia; and that question is, whether the affidavit filed by the defendant in support of the defenses made by its pleas is sufficient under the rule, to prevent judgment being rendered against it for the amount claimed, with interest, without trial in the regular course of proceeding? There was motion made by the plaintiff, Elizabeth L. W. Bailey, administratrix of Davis W. Bailey, deceased, the present appellant, for judgment under the rule, for want of a duly verified plea, and because the affidavit filed with the defendant's pleas presented no defense to the action. This motion was overruled; and the plaintiff, by special leave obtained under the statute, has brought the case here by appeal.

The action is founded upon what is alleged to be an award in favor of the plaintiff against the defendant. The declaration contains three counts. In the first count it is alleged that the husband, the intestate of the plaintiff, had a claim against the defendant for work done and materials furnished, under a contract with the defendant; that he brought suit in his lifetime against the defendant, in the Supreme Court of the District of Columbia, to recover such claim, and which suit was pending at the time of his death, and which was revived by the plaintiff as administratrix of the deceased; that while the action was thus pending, the parties thereto, for putting an end to the controversy, on the 11th of January, 1892, respectively submitted themselves to the award of one John J. Johnson, to be made between them, of and concerning said differences; and in consideration thereof, etc. That said Johnson assumed the duty of arbitrator, and duly made and published his award, whereby he awarded to the plaintiff, as administratrix of her intestate, the sum of $10,519.20, in full satisfaction and discharge of said matters in difference, etc. The record shows that the

proposition to arbitrate the claim was made to the defendant by the plaintiff, and the defendant was thereby requested to appoint some good man as referee or arbitrator, to whom the pending case might be referred, with power to hear the evidence, and make an award which should be accepted as a final settlement of the long and much litigated case. In compliance with this proposition, the defendant, by order of the 11th of January, 1892, nominated and appointed John J. Johnson "referee in the matter of Bailey, administratrix of Davis W. Bailey, deceased, *versus* The District of Columbia." This was the reference mentioned and referred to in the first count of the declaration.

By the second count of the declaration it is simply alleged that the defendant is indebted to the plantiff upon an award made upon a certain submission of and concerning matters of difference then pending between the plaintiff and defendant, the said award being in favor of the plaintiff for the sum of $10,519.20. And by the third count, being upon a count stated, the plaintiff claims $10,519.20, the amount of the award.

With this declaration was filed an affidavit, stating the facts in connection with the origin and nature of the claim; the fact that suit had been brought therefor, and the reference to arbitration and the award thereon.

The defendant pleaded six pleas: 1st. That the defendant did not agree to submit to arbitration in manner and form as alleged; 2d. That Johnson did not make an award of and concerning the matters of difference, as alleged; 3d. That Davis W. Bailey, the plaintiff's intestate, brought an action in the Supreme Court of the District of Columbia to recover the sum of $25,000 damages against the defendant, for an alleged breach of contract, being the same claim referred to in the first count of the plaintiff's declaration; that the defendant filed pleas to the said action, and issues were joined thereon, and the same were ready for trial; that on the death of the said Davis W. Bailey, the said action

was revived in the name of the present plaintiff, as administratrix ; that afterwards, on July 18, 1892, without any order of court, as required by the 47th Rule of court, the said Johnson assumed, without any authority of law, to make and file in the cause a report in which he found $10,519.20 against the defendant, and in favor of the plaintiff; that afterwards the defendant filed exceptions to said report, *which exceptions are still pending and undisposed of in the said cause ;* that after the filing of said exceptions, the plaintiff *moved for judgment on said report, which motion is still pending and undisposed of;* that said cause is numbered 24,279 on the law side of said court, and reference to the same, and the proceedings therein, is made by the plea a part thereof; 4th. That the alleged award was not under seal, and was never delivered to the defendant; 5th. That the defendant never undertook and promised, in manner and form as alleged ; and 6th. That the defendant was not indebted as alleged.

With these pleas was filed an affidavit\* made by the three

---

\**Affidavit of Defense.*—District of Columbia, *ss:* We, John W. Ross, Myron M. Parker and Charles F. Powell, on oath say, we are the Commissioners of the District of Columbia, the defendant named in the foregoing entitled action ; that the plaintiff's intestate, one Davis W. Bailey, filed a suit in the Supreme Court of the District of Columbia against said District to recover damages for an alleged breach of contract for asphalt paving in 1879, his action being numbered 24,279 at law ; that appropriate pleas were filed to said action by the defendant and issue was joined thereon, and the cause calendared for trial, and the same is now upon the trial calendar pending and undisposed of in said court ; that on or about the 18th day of July, 1892, one John J. Johnson, as we are informed and believe, assumed to make and file in said cause a report or finding, not 'an award' as alleged of $10,519.20 against the defendant and in favor of the plaintiff; that the alleged award was without authority of law and invalid, the said Johnson never having had any authority or jurisdiction to make the same ; that the alleged award or finding was not under seal and was never delivered to the defendant ; that afterwards the defendant by its counsel, filed exceptions to said report of the said Johnson or his so-called award, which said exceptions are still pending and undisposed of; that the alleged award was not made by the said Johnson under any rule of court, and was not in accordance with the rules and practice of said court ; that the alleged reference of said cause to the said Johnson as we are informed and believe was for the purpose of ascertaining and reporting to the court the facts in said case to be reviewed by

Commissioners of the District of Columbia, as to the verity of the defense made. In the affidavit reference is made to the prior pending cause between the plaintiff and defendant, and to the fact that the said cause is still pending undisposed of. It also states the fact that the award of Johnson was filed therein, but that said award was without authority of law and invalid, the said Johnson not having authority or jurisdiction to make the same : that the alleged award or finding was not under seal, and was never delivered to the defendant. It is further stated, that the defendant filed exceptions to said report, or so-called award, of Johnson, and which said exceptions are still pending undisposed of: that the alleged award was not made under rule of court, and was not in accordance with the rules of practice of the court; that said reference to Johnson was, as affiants are informed and believe, for the purpose of ascertaining and reporting to the court the facts in said case to be reviewed by the court as the basis for its judgment; that said reference was not made to Johnson as arbitrator, nor did he make or profess to make any award in the cause, but only a report; and that the plaintiff is not entitled to recover in this action any part of the money claimed.

---

the court as the basis for its judgment, and was never as we are informed and believe referred to the said Johnson, as arbitrator, by any order of the court or consent of parties, nor did the said Johnson make or profess to make any award in the said cause, but only a report ; that the said Davis W. Bailey was fully paid for all the work he ever did for the defendant, and there was no breach of contract as alleged by him, and that the alleged finding by the said Johnson of $10,519.20 against the defendant as aforesaid, was based upon a misconception, both of the law and the evidence submitted to him, as plainly appears from his report filed in the cause ; that the said Johnson, instead of reporting that the defendant owed the plaintiff as administratrix of Davis W. Bailey, the sum of $10,519.20, he should have found that it owed her nothing ; that there is or was no other cause pending or existing between the plaintiff or the plaintiff's intestate, and the defendant, except the said cause numbered 24,279 above mentioned ; that the plaintiff is not entitled to recover in this action the whole or any part of the money claimed in her declaration.

[Signed]　John W. Ross.
　　　　　Myron M. Parker.
　　　　　Chas. F. Powell.

*Mr. A. S. Worthington* and *Mr. W. Preston Williamson* for appellant:

1. The submission of the original action (No. 24,279) to Mr. Johnson by consent of parties without an order of the court operated as a discontinuance of that action, and the only remedy of the appellant was by bringing a new action on the award.

Notwithstanding the vagueness of the statements contained in the affidavit of defense it may be gathered from it that the defendant relies upon the fact that in the reference of the former suit to Mr. Johnson neither the rule nor the statute above quoted was complied with.  If that would constitute a defense then we concede that this court should affirm the order appealed from.  The mere fact that no order of court was made referring the case to Mr. Johnson of itself disposes of any claim on the part of the plaintiff to an enforcement of the award under either the rule or the statute.  Our contention is that the reference of the former suit under an agreement made out of court and consummated by an actual submission of the matters in controversy to the arbitrator, and the making of an award by the arbitrator in pursuance of the submission put an end to the former suit, and the appellant's only remedy was by a new action on the award itself, precisely as it would have been had the reference been made before the first suit was brought. We find no decisions on this subject in this jurisdiction. But the precise point has been frequently adjudicated elsewhere.  Without undertaking to cite all such decisions, we refer the court to a series of cases in New York which are particularly pertinent.  *Miller* v. *Underhill*, 1 John. 315 ; *Johnson* v. *Paundy*, 17 John. 129 ; *Camp* v. *Root*, 18 John. 22 ; *Dodge* v. *Waterbury*, 8 Cowen, 136 ; *Rathbone* v. *Lownsbury*, 2 Wend. 595 ; *Towns* v. *Wilcox*, 12 Wend. 503 ; *Green* v. *Patchin*, 13 Wend. 293.

To the same effect as the New York cases are the following decisions in other States:  *Moore* v. *Allen*, 35 Maine, 276 ;

*Crooker* v. *Buck*, 41 Maine, 355 ; *Eddings* v. *Gillespie*, 12 Heisk. 548 ; *Jewel* v. *Blankenship*, 10 Yerg. 439 ; *Muckey* v. *Pierce*, 3 Wis. 276 ; *Cunningham* v. *Craig*, 53 Ill. 252.

2. The averment in the Commissioners' affidavit of defense that as they are informed and believe the reference to Johnson "was for the purpose of ascertaining and reporting to the court the facts in said case to be reviewed by the court as the basis of its judgment" shows no defense to this action.

This averment is bad for two reasons: (1) In the first place it is obviously the statement of a mere inference, or conclusion of law. There is no pretense that the proceedings leading to the submission of the case to Mr. Johnson were not wholly in writing, nor is it suggested that any of the writings are omitted from the plaintiff's affidavit or are inaccurately stated by her. Her affidavit sets forth *verbatim* the proposal of her attorney to submit the case to arbitration and contains also a copy of the order made by the Commissioners in response to that letter. It avers that the parties appeared before the referee or arbitrator, presented their evidence, made their arguments, and then announced to him "that the case was submitted to him for determination under and by virtue of his said appointment." None of these things is denied, therefore they are all admitted.

In this matter of the certainty and particularity required in an affidavit of defense we ask the court to consider the Pennsylvania cases. In most of the courts of that State for many years the practice, as here, has been to require such an affidavit in certain classes of cases before the plaintiff can be put to the delay and expense of a trial, and in that State this practice has been reduced to something in the nature of an exact science: *Lord* v. *Ocean Bank*, 8 Harris, 387 ; *Blackburn* v. *Ormsby*, 41 Pa. St. 101 ; *Peck* v. *Jones*, 70 Pa. St. 84 ; *Beardsley* v. *Delp*, 88 Pa. St. 420 ; *Vulcanite Paving Co.* v. *Phila. Traction Co.*, 115 Pa. St. 280 ; *People's Street Rwy. Co.* v. *Spencer*, 156 Pa. St. 89.

(2) The admitted facts show that the defendant's contention that Mr. Johnson's report or award was to be "reviewed" by the court was without foundation. In the first place, even if the reference had been made under the rule, the court would have had no power to review the facts. It is only necessary to read the rule to see this. In the next place, in Mr. Williamson's letter the Commissioners are asked to appoint "a referee or arbitrator to whom this case may be referred with power to hear the evidence and make an award *which shall be accepted, whether for or against us, as a final settlement of this long and much litigated case.*" It is admitted that the order appointing the referee was in response to this letter; and that after the evidence was closed and the arguments concluded the parties announced to the referee that the case was submitted to him for determination under that appointment. Finally, the reference or submission, of this controversy by the parties to Mr. Johnson, without any express reservation of a right to have his conclusions reviewed by the court, impliedly bound both parties to abide by his award. If submission to arbitration does not mean this, it means nothing. The precise point has been determined by the Supreme Court of the United States in *Smith* v. *Morse,* 9 Wall., 82; see also *Burchell* v. *Marsh,* 17 How. 349.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant, for the appellee.

1. Even if Mr. Johnson's report is to be considered as an award, it lacks the element of *mutuality.* The plaintiff sues as *administratrix;* as such, she was without power to submit alleged differences to arbitration. An administrator has no such authority. By statute his powers as to the collection or payment of claims, are restricted. *Clark* v. *Hogle,* 52 Ill. 427.

2. Nor had the Commissioners of the District of Columbia the right or authority to submit said matters of difference

to arbitration.   While it may be conceded that a municipal
corporation, with power to contract, with liability upon the
contract, may generally have power to submit to arbitration,
yet this defendant cannot, because of the limitations im-
posed upon it by the act of Congress of June 11, 1878,
establishing the present form of government.   *Alexandria
Canal Co.* v. *Swan*, 5 How. 83.   The presumption is that the
Commissioners did what they might lawfully do.   That is,
in a pending suit, agreed to refer it to Johnson for his *report*
to enlighten the court with reference to its conclusion, and
to speed the disposition of the controversy.   There is no pre-
sumption that the Commissioners undertook to do an unlaw-
ful thing *omnia rite acta præsumuntur*.   No such authority
was reposed in the Governor or Board of Public Works to
whose authority they succeeded.

3. Arbitrators may either directly or indirectly waive their
right to decide matters of law, and give the courts the au-
thority to inquire into the correctness of the award.   This
is impliedly so done by giving reasons for the award.   1 Am.
& Eng. Ency. 675, and cases.   In the State of Maryland, and
under the act of 1778, Ch. 21, Par. 17, it has been decided
over and over again, that upon the general principles of
arbitration and award, if an arbitrator discloses in his award
the ground of his decision, the same is reviewable, and if
contrary to law, may be set aside.   *State* v. *Williams*, 9 Gill,
172 ;   *Oliver* v. *Heep*, 2 H. & M. 479 ;   *Hewitt* v. *The State*, 6
H. & J. 97 ;   *Goodsmith* v. *Daly*, 1 Id. 361 ;   *Tillard's Leesee* v.
*Fischer*, 3 H. & M. 118 ;   *Woods* v. *Matchett*, 47 Md. 390.   And
this is the settled doctrine in other jurisdictions.   Morse on
Arb. and Award, 326.   In this case, Mr. Johnson not only
discloses the grounds of his finding in his report, but returns
with it all the evidence on which it was based.   So it seems
it would be for such reasons reported in any other authentic
matter to the court.   *Kent* v. *Elstof*, 3 East, 18 ;   *Knox* v. *Wal-
ton*, 2 Wash. 507 ;   *Kelly* v. *Johnson*, 3 Id. 47.   Where accom-
panying an award is a paper which discloses the grounds

taken by the arbitrator in forming his opinion of the subject, wherein he committed a mistake in point of law between the parties. *Hewitt* v. *The State*, 6 H. & J. 97; *Stobe* v. *Calvert*, 9 Gill, 175; *Conger* v. *James*, 32 Tenn. 215; Billings on Awards, 61. The court will always seek to uphold a submission according to the intent of the parties. Morse on Arb. and Award, 47. It often happens in practice where the submission originally is in writing that it is altered or added to by parol. Russell on Awards, 50.

The court cannot be said to approve of an award unless it is placed in a position to know that the award ought to be approved. A submission under a statute which requires the court to "approve" the award gives the court power to inquire into the decision of the arbitrators as regards matters of law. *Allen* v. *Miles*, 4 Harr. (Del.) 234. If the statute under which the submission is entered into requires the court "to approve," it is essential that the award shall be good in point of law. Morse on Arb. and Award, 303. In the absence of statute, under the reference in this case, the rule laid down by Field, J., in *Lumber Co.* v. *Buchtel*, 101 U. S. 637, should be applied. "The finding should have the precision of a special verdict, and specify with distinctness the facts found and not leave them to be inferred." See also *Belmont* v. *R.R. Co.*, 3 Mackey, 357.

If the arbitrator professes to decide upon the law and he mistakes it, the court will set aside the award; also where the arbitrator's reasons did not appear upon the face of the award, but only upon another paper delivered therewith. *Allen* v. *Smith*, 4 Harr. (Del.) 236; *Hurst* v. *Hurst*, 1 Wash. C. Ct. 60; *Williams* v. *Craig*, 1 Dall. 315; *Gove* v. *Reed*, 4 Yeates, 461; *Large* v. *Passemore*, 5 S. & R. 52; *Strong* v. *Clarke, Exr.*, at Law, No. 16,232, decided by the court in General Term, not reported; *U. S.* v. *Farragut*, 22 Wall. 420; *Buckingham* v. *Payne*, 36 Barb. 81.

4. The plaintiff's affidavit was insufficient under the 73d Rule of the court below. She sues as *administratrix*, and in

her affidavit she undertakes to narrate and testify to trans-
actions between her deceased husband and the District of
Columbia. As to such transactions she would be an incom-
petent witness, even if it was shown that she had personal
knowledge of the facts. A witness who is incompetent and
who cannot be heard in open court certainly cannot be
heard as testifying by affidavit.

5. The defendant's affidavit meets the requirement of the
rule. *Thornton* v. *Weser*, 20 D. C. 233; *Durant* v. *Murdock*, 3
App. D. C. 114; *The Richmond* v. *Cake*, 1 App. D. C. 447.

Mr. Chief Justice ALVEY delivered the opinion of the
Court:

It was contended on the part of the plaintiff that the fore-
going affidavit was not sufficient to show a valid defense to
the action, and therefore the plaintiff was entitled to have
judgment rendered under the rule for the amount claimed
in the declaration and the particulars of demand; the de-
mand being for the amount of the award. The 73d Rule
of court requires that the defendant " shall file along with
his plea, if in bar, an affidavit of defense denying the right
of the plaintiff as to the whole or some specified part of his
claim, and specifically stating also, in precise and distinct
terms, *the grounds of his defense*, which must be such as would,
if true, be sufficient to defeat the plaintiff's claim in whole
or in part." The grounds of defense are clearly enough
stated, but the question is, whether the facts stated are suffi-
ciently specific to support the grounds of defense set forth
in the pleas ?

As will be observed, the subject matter of the reference
was the litigated claim involved in the pending action of
the present plaintiff against the defendant. That action is
still pending, though it is contended on the part of the plain-
tiff that the reference operated as a discontinuance of such
action. In that, however, we do not agree. That action is
in fact still pending, and it appears that the referee, as well

as the parties to the action, understood that the award should be returned to and filed in that cause, for final judgment. And so understanding the reference, the referee returned and filed his award in that cause, and thereupon proceedings were taken by both the plaintiff and defendant, treating the reference and award as properly belonging to that case. Those proceedings, according to the averments of the defendant's third plea and the affidavit, are still pending for final determination. And what is thus existing as matter of record in that case, the plea referring thereto, and making it a part of the matter pleaded, becomes quite unnecessary to be specially stated in the defendant's affidavit. The record referred to will speak for itself.

By the Maryland statute of 1778, Ch. 21, Sec. 8, in force in this District, it is provided, " That, if any cause instituted, or hereinafter to be instituted, in any of the courts of this State, shall, by rule of court, and by the consent and agreement of the parties thereto, be submitted and referred to the award and arbitrament of any person or persons, it shall and may be lawful to and for such courts to give judgment upon the award of the person or persons to whom such submission and reference shall be made, as of the court to which such award shall be returned, and to award execution thereon, in the same manner as they might do upon verdict, confession or *non-suit*, and that such judgment shall have the same effect, to every intent and purpose, as any judgment upon verdict or confession would have." And by the subsequent Maryland Act of 1785, Ch. 80, Sec. 11, it is provided " that all causes referred by consent of parties and rule of court, *shall be continued until an award is returned,* and if death of either of the parties happen before an award returned and judgment thereon, such cause shall not abate by the death," and so forth.

It is argued on the part of the plaintiff, that the reference now in question was not made by or under rule of court,

because no such rule or order was actually entered. But that can make no substantial difference, if it was really the intention and agreement of the parties, and contemplated by them in making the reference, that the award should be returned to the court and judgment entered thereon, in the then pending cause. The fact that the cause was kept upon the docket, and continued from term to term, would seem strongly to indicate that such was the understanding of the parties. The entry of the rule or order is matter of course upon the agreement of the parties; and, as said by Chief Justice Abbott, in the *Matter of Taylor and others*, 5 Barn. & Ald. 217, it is mere matter of form to apply for and obtain the rule. It is well settled, in the practice under the statute 9 and 10 W. 3, Ch. 15, on language apparently more imperative than that employed in the act of 1778, in requiring the rule to be obtained in the first instance, that both at law and in equity, a submission to reference may be made a rule of court as well after the award has been made as before. *Pownall* v. *King*, 6 Ves. 10; *Fetherstone* v. *Cooper*, 9 Ves. 67; *Heming* v. *Swinnerton*, 5 Hare, 350; S. C. 2 Phillips, 79. See also, *Matter of Arbitration between Story, James, and Robinson*, 7 Adol. & Ellis, 602. If it was really the intention of the parties, in making the reference, that the award should be returned and filed in the then pending cause, such agreement to refer the cause would operate as a stay of proceedings, although not expressed that it should so operate; and that whether the rule of court be entered or not. To proceed to dispose of the case after such reference would be in bad faith, indeed, a fraud upon the agreement; and that being so, the court will stay the suit to await the coming in of the award. Russell Arb. & Award, 86. To discontinue the pending case, leaving the successful party to his action on the award, is simply to make the award the beginning of a new litigation instead of terminating the old. Both reason and policy would seem to oppose such practice.

Without, however, expressing any definite opinion as to the legal sufficiency of the pleas of the defendant in the present action, we are of opinion that the affidavit of the Commissioners of the District, filed with those pleas, is sufficient. We must construe the rule of court with reference to the nature of the action, and of the defenses pleaded. We must also have reference to the character of the parties, and their presumed means of personal knowledge of the facts involved in the defense. This is an action against a municipal corporation, whose administrative officers and agents are changeable. Those in charge of the affairs of the corporation at the time of the occurrence of the events and transactions involved, may have long since ceased to have any connection with the corporation; and those now in office may know little or nothing of the special facts of such transactions. Indeed, the Seventy-third Rule of the Supreme Court* seems to contemplate and provide for such state of litigation. The second clause of the rule applies to this case by analogy. It provides that the strict provisions of the rule shall not apply to defendants who are representatives of a decedent's estate, except when the affidavit filed with the

---

*Seventy-third Rule.*—In any action arising *ex contractu*, if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and shall have served the defendant with copies of his declaration and of said affidavit, he shall be entitled to a judgment for the amount so claimed, with interests and costs, unless the defendant shall file, along with his plea, if in bar, an affidavit of defense denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part. And where the defendant shall have acknowledged in his affidavit of defense his liability for a part of the plaintiff's claim as aforesaid the plaintiff, if he so elect, may have judgment entered in his favor for the amount so confessed to be due.

SEC. 2. The provisions of this rule shall not apply to defendants who are representatives of a decedent's estate except when the affidavit filed with the declaration sets forth that the contract sued on was directly with such representative, or that a promise to pay was made by him.

SEC. 3. When the defendant is a corporation, the affidavit of defense may be made by an officer, agent, or attorney of such corporation.

4 Ct. App.—24

declaration sets forth that the contract sued on was directly with such representative, or that a promise to pay was made by him. And by the third clause of the rule, when a corporation is defendant, the affidavit may be made by any officer, agent, or attorney of such corporation. The rule and affidavit required, should in no case, and especially not in a case like the present, be so rigidly and strictly construed as to embarrass the defendant in availing itself of what may be regarded as a valid defense to the action. Nor should the affidavit, in any case, be tested as by a demurrer to a plea. All that can in reason be required is, that such state of facts, in support of the defense pleaded, be set forth in the affidavit as will satisfy the court of the good faith of the defendant in making the defense, and that such defense is not of a frivolous or dilatory character. Further than this the court cannot go in restricting the defendant in the exercise of his right to contest the demand of the plaintiff. In this case, the third plea of the defendant refers to the proceedings in the prior action and makes those proceedings, though informally, a part of the plea; and the matters thus brought upon the present record show the pendency of that prior suit, and the proceedings therein, and that the exceptions to the award, and the plaintiff's motion for judgment, are still pending undetermined; and the question raised by the defense in this action is, whether the award filed in that case properly belongs there, and forms a part of the proceedings in that case, and operates as a bar to this action. The sufficiency of the defense thus made must be determined upon the pleadings, or the pleadings and proof, and not as a side or collateral question upon the affidavit.

We must therefore affirm the ruling of the court below, denying the motion of the plaintiff for judgment under the rule, and remand the cause that it may be proceeded with in due course.

*Ruling affirmed, with cost to appellee, and cause remanded.*